**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT S. VISINTINE,            :
                                                     Civil Action No. 11-4678 (RMB)
       Plaintiff,      :

       v.              :           **O P I N I O N**

DONNA ZICKEFOOSE, et al.,       :

       Defendants.     :

**APPEARANCES:**

Robert S. Visintine, <u>Pro</u> <u>Se</u>
#14576-018
F.C.I. Fairton
P.O. Box 420
Fairton, NJ 08320

Karen Helene Shelton
Assistant U.S. Attorney
Office of the U.S. Attorney
402 East State Street
Trenton, NJ 08608
Attorney for Defendants

**BUMB**, District Judge

    Plaintiff, Robert S. Visintine, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. On August 15, 2011, this Court dismissed Plaintiff's habeas claims and opened this action as a civil action under <u>Bivens v. Six Unknown Named Agents of Federal</u>

Bureau of Narcotics, 403 U.S. 388, 389 (1971).  Plaintiff's pending motions were transferred to this new case.

Upon the recharacterization of this case to a Bivens action, this Court ordered service and directed Defendants to answer Plaintiff's claims, which concerned his medical care (docket entry 9).  On August 22, 2011, Defendants filed a Response in opposition to Plaintiff's emergent application for relief (docket entry 10).  Filed under seal, the Response included Plaintiff's medical records.

The following motions, filed by Plaintiff, remain pending in this case: Motion for Emergency Hearing (docket entry 2); Motion to Compel (docket entry 3); Motion to Appoint Counsel (docket entry 4); Motion for Summary Judgment (docket entry 5); Motion to Compel Production of Records (docket entry 9); Motion to Submit Affidavits (docket entry 11); Motion for Declaratory Judgment (docket entry 23); and Motion to Amend Complaint (docket entry 25).  On August 25, 2011, Plaintiff applied to proceed in forma pauperis (docket entry 12).

As set forth below, this Court finds that Plaintiff's Motion to Amend Complaint (docket entry 25), will be granted, as will his application to proceed in forma pauperis.  Plaintiff's other pending motions will be denied.  This Court discusses the motions in turn, below.

**BACKGROUND**

According to the original habeas petition, later recharacterized as this <u>Bivens</u> action, Petitioner alleged that he is being denied medication, and complained about the conditions of confinement at the Fort Dix facility, where he was previously housed. For example, he states that he has been forced to take his medication before eating; that he has been refused medication; that the prison is overcrowded, and the bathrooms are not clean; that violence has increased; as well as other complaints. (Docket entry 1; Pet., ¶ 7).

In their Response, regarding Plaintiff's medical care claims, Defendants note:

> . . . the records of Visintine's treatment at FCI Fort Dix belie his allegation that he has been denied appropriate care or medication for his psychological conditions. To the contrary, Visintine indeed has been seen, evaluated, and treated in the Health Services department many times for his chronic psychological conditions since his arrival at Fort Dix, and continues to receive treatment even when housed in SHU (the segregated housing unit). See generally De Lasalle Decl., Hittie Decl. and medical records filed under seal. Visintine's complaint itself, and the BOP records, plainly demonstrate that Visintine has been prescribed, and was – for almost two years prior to this complaint – routinely appearing at the evening pill line and taking medication appropriate for his psychological conditions. See De Lasalle Decl., ¶¶ 4-8 and Declaration of Joann Hittie (Hittie Decl.), ¶¶ 4-6.
>
> Additionally, the medication was brought directly to him, and accepted by him, while he was housed in SHU in May and June of this year, until he refused to take it anymore. Hittie Decl., ¶ 4-6. Contrary to his allegations that medicine for his psychological conditions is being withheld from him, Visintine has only not received his medication when he himself has refused to take it. Recently, Visintine has informed

> the medical staff that he wants to resume taking his medication. Hittie Decl., ¶ 8.  As such, the medications will be available to him at pill line (or will be brought directly to him if housed in SHU). Under these circumstances, it can hardly be said that Visintine has been denied medical care in violation of the Eighth Amendment.
>
> It is apparent that Visintine prefers to take his medication after a meal rather than before, due to alleged side effects. But as a matter of law, the denial of his personal preference for taking medication prescribed to him does not give rise to an Eighth Amendment violation. See Hartman v. Correctional Medical Services, 366 Fed. Appx. 453, 455 (3d Cir. 2010)(prisoner's disagreement with the manner in which defendant directed that all of prisoner's medications be administered by medical staff did not invoke the Eighth Amendment.)
>
> Visintine's claim that he "has no money" to eat food from the commissary prior to taking his medication, which would alleviate these side effects, is not credible, and is belied by BOP records which demonstrate that he routinely purchases food from the commissary. See De Lasalle Decl., ¶ 14 and Ex. 4 (Commissary purchase records). Moreover, when the health services staff offered Visintine the option of taking the medication at the lunchtime pill line, which would permit him to eat before receiving his medication, he declined. De Lasalle Decl., ¶ 10. The record demonstrates that the BOP has provided Visintine both with appropriate medication and options for ameliorating the side effects of the medication. Visintine's refusal to accept either demonstrates that it is Visintine himself, rather than the BOP, that is preventing Visintine from receiving medications for his psychological conditions.
>
> In short, the medical record as a whole simply does not support any conclusion that the medical staff at FCI Fort Dix has been deliberately indifferent to this inmate's medical needs. Visintine cannot demonstrate a strong likelihood of success on the merits of his Eighth Amendment claim, and this is fatal to his request for injunctive relief.

(Response, docket entry 10, at pp. 12-15 of 17).

In his recently submitted Motion to Amend the Complaint, filed February 8, 2012, Plaintiff states:

> To show good cause for the instant Motion, Plaintiff avers to and submits: On 8-15-2011 the Court dismissed Plaintiff's Habeas Corpus (11-cv-2601) and Ordered a new and separate civil case opened (11-cv-4678). Then on 9/9/2011 the Court ordered case no. 11-cv-4927 to be consolidated with 11-cv-4678. In the interest of justice and for clarity of the issues, both complaints are amended as 1 in the following amended complaint.

(Docket entry 25, p. 1 of 10).

## DISCUSSION

**A.   Motion to Amend**

Under Federal Rule of Civil Procedure 15(a)(2), ". . . a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."

While a motion to amend should generally be freely given, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000); Foman v. Davis, 371 U.S. 178, 182 (1962).  Further, the Third Circuit has held that unwarranted delay in amending a complaint can evidence bad faith and result in substantial prejudice to the opposing parties.  See

Cureton v. Nat'l Collegiate Athletic Association, 252 F.3d 267, 273 (3d Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

In deciding whether to grant leave to amend under Rule 15(a)(2), "prejudice to the nonmoving party is the touchstone for the denial of the amendment." Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (quoting Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. See Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004).

Courts must construe submissions by pro se plaintiffs broadly. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). In this case, Defendants have not opposed the motion. Further, it appears that allowing the amendment will assist this Court in examining Plaintiff's claims, and will assist the parties by clearly including in one pleading all of the claims which Plaintiff seeks to pursue. As such, this Court finds that it is in the interest of justice to grant the motion to amend.

**B.   28 U.S.C. §§ 1915, 1915A**

**1.   Standard of Review**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Here, the amended complaint is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because plaintiff is a prisoner and is proceeding as an indigent.

Recently, in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a

7

formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See id. at 1948; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

As noted, in determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)

and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

   2.   *Bivens* **Actions**

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment.  In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983.  The Supreme Court has also implied Bivens damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).

Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights.  See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049 (2005).  Both are designed to provide redress for constitutional violations.  Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits.  See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987).

In order to state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws

9

of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. See Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn. 1987) (citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

  3. **Plaintiff's Amended Complaint**

In his amended complaint (docket entry 25), Plaintiff names as defendants Donna Zickefoose, the warden of FCI Fort Dix; the Federal Bureau of Prisons ("BOP"); DHO A. Boyce; and "other defendants."

In his first claim, labeled "Human Rights Abuses," Plaintiff states that he was denied medical treatment. In his second claim, mistakenly labeled "Eleventh Amendment Cruel and Unusual Punishment," Plaintiff asserts that from October 25, 2010 to October 4, 2011, he was subject to cruel and unusual punishment due to overcrowded conditions at FCI Fort Dix. Due to the overcrowding, Plaintiff asserts that medical care, sanitation, and safety were compromised. He also states that mental heath services were compromised, and that staff was verbally and physically abusive. Plaintiff maintains that the overcrowding also occurred in FCI Fairton.

This Court finds that, of the named defendants, the only proper defendant in this action is Donna Zickefoose, the warden of FCI Fort Dix. Plaintiff states no claims against defendant

Boyce, and defendant Boyce will be dismissed from this action, without prejudice.  See Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  Further, the claims against the BOP will be dismissed with prejudice, because a damage remedy is not available against a federal agency under Bivens.  See F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994).

Therefore, the claims in the amended complaint will be permitted to proceed past sua sponte screening as against defendant Zickefoose.  Plaintiff may file a motion to amend if he becomes alerted to other defendants during discovery, in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules.

**C.    Plaintiff's Remaining Motions**

As Plaintiff's previously filed petition/complaint serves no function now that this Court has granted his motion to amend, this Court finds that the remaining motions should be dismissed, without prejudice, to Plaintiff refiling if they become relevant to the litigation as it now proceeds.  However, this Court now examines each motion in term.

**1.    Motion for Emergency Hearing (docket entry 2); Motion to Compel (docket entry 3)**

These motions concern Plaintiff's medical care claims, which will be examined during the course of this litigation.

11

However, this Court notes that to secure the extraordinary relief of a preliminary injunction or temporary restraining order ("TRO"), Plaintiff must demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest." Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1998), cert. denied, 526 U.S. 1130 (1999) (as to a preliminary injunction); see also Ballas v. Tedesco, 41 F. Supp.2d 531, 537 (D.N.J. 1999) (as to temporary restraining order). A plaintiff must establish that all four factors favor preliminary relief. See Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187 (3d Cir. 1990).

Here, Plaintiff's requests for an emergency hearing and to compel must be dismissed because he has failed to demonstrate all of the four factors necessary for such an extraordinary remedy. Based on the Response of Defendants to Plaintiff's emergent application for relief (docket entry 10) and documents attached thereto, this Court is convinced that Plaintiff is not in immediate danger, and is being treated. It does not appear likely that his claims will succeed on the merits. Therefore, Plaintiff's Motion for an Emergency Hearing and Motion to Compel will be denied.

### 2. Motion to Appoint Counsel (docket entry 4)

Plaintiff argues that he should be appointed counsel because he is not trained in the law, and is not granted meaningful access to the courts, amongst other reasons.

As for the request for counsel, appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*. See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). The plaintiff has no right to counsel in a civil case. See id. at 153-54; Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

In evaluating a motion to appoint counsel, the court must first examine the merits of Plaintiff's claim to determine if it has "some arguable merit in fact and law." See Tunnell v. Gardell, 2003 WL 1463394 at * 1 (D. Del. Mar. 14, 2003)(Slip Copy)(citing Parham, 126 F.3d at 457)(other citations omitted). If the court is satisfied that the claim is "factually and legally meritorious," then the following factors must be examined:  (1) a plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of a plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6)

13

whether a plaintiff can attain and afford counsel on his or her own behalf.  See id. (citing Parham, 126 F.3d at 457-58; Tabron, 6 F.3d at 155-56, 157 n.5).

However, a court should also consider other factors, such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time.  See Tabron, 6 F.3d at 157-58.

In the instant case, Plaintiff's motion to amend is being granted, and defendants have not yet answered.  Further, whether or not the Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of Parham's test particularly difficult to evaluate."  Chatterjee v. Philadelphia Federation of Teachers, 2000 WL 1022979 at *1 (E.D. Pa. July 18, 2000)(stating that unlike Parham, which concerned a directed verdict ruling, and Tabron, which involved summary judgment adjudication, plaintiff's claims asserted in complaint and motions "have barely been articulated" and have distinctive procedural posture).

With regard to the Tabron/Parham factors, Plaintiff has not demonstrated at this stage of the proceedings, the complexity of legal issues, the degree to which factual investigation will be necessary, or that he will be in need of expert witnesses. Plaintiff has presented to this Court without the assistance of

14

counsel a coherent complaint asserting various points of law, and the instant motion for appointment of counsel, as well as numerous other applications concerning his case.

The Court recognizes that issues may arise in the course of this litigation which may raise a question as to Plaintiff's need for counsel.  In that case, the Court will consider a renewed motion for appointment of counsel.  At this point in the litigation, however, the Plaintiff's motion for appointment of counsel will be denied, without prejudice.

3. **Motion for Summary Judgment (docket entry 5)**

Plaintiff asserts in his motion for summary judgment that the claims he makes in his complaint are clear and undisputable.  As Defendants have yet to answer the amended complaint, Plaintiff's motion for summary judgment will be denied.

4. **Motion to Compel Production of Records (docket entry 9)**

In this motion, Plaintiff asks this Court to order Defendants to produce his medical records.  As this case has not yet proceeded through discovery, his request will be denied, without prejudice to him reasserting the claim should it become necessary.

5. **Motion to Submit Affidavits (docket entry 11)**

Plaintiff filed this motion asking this Court for permission to submit affidavits concerning his medical care claims.  As these claims are proceeding, Plaintiff is instructed to proceed

15

with discovery, in accordance with the Court Rules. His motion is denied.

### 6. Motion for Declaratory Judgment and Restraining Order (docket entry 23)

Plaintiff asks this Court to enjoin the warden of FCI Fairton, J.T. Shartle, "from requiring inmates to use pre-printed labels for outgoing mail," as it limits his access to the courts. This Court notes that Plaintiff's request is one that concerns the functioning of the prison, and it is unrelated to the present medical care and overcrowding claims.[1]

### CONCLUSION

Based on the foregoing, this Court grants Plaintiff's motion to amend and application to proceed in forma pauperis, and denies the remaining pending motions. Defendant Zickefoose will be ordered to answer the amended complaint.

An appropriate order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: March 14, 2012

---

[1] If Plaintiff seeks to allege a denial of access claim, which must be alleged with more than just genrralities and conclusions, he is not prevented from doing so in a properly filed complaint.