**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                      :
ROBERT S. VISINTINE,                  :
                                      :  Civil Action No. 11-4678 (RMB)
                Plaintiff,            :
                                      :
          v.                          :       **O P I N I O N**
                                      :
DONNA ZICKEFOOSE,                     :
                                      :
                Defendant.            :
_____:

**APPEARANCES:**

Robert S. Visintine, <u>Pro</u> <u>Se</u>
#14576-018
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

Karen Helene Shelton
Office of the U.S. Attorney
402 East State Street
Trenton, NJ 08608
Attorney for Respondent

**BUMB, District Judge**

This matter comes before the Court upon Defendant's motion to dismiss or in the alternative, for summary judgment (docket entry 35). For the reasons set forth below, Defendant's motion will be denied.

## BACKGROUND

Plaintiff instituted this action as a habeas case, pursuant to 28 U.S.C. § 2241, on May 3, 2011 (docket entry 1). On August 15, 2011, this Court issued an Order dismissing the habeas petition for lack of jurisdiction, but due to Mr. Visintine's

allegations of denial of medical care, ordered the Clerk to reopen the case as a Bivens action[1] (docket entry 6). At that point, summons were issued and Plaintiff filed an application to proceed with the Bivens case in forma pauperis ("IFP") (docket entries 7, 12). Plaintiff also filed a motion to amend his complaint (docket entry 25). On March 14, 2012, this Court executed an Order granting Plaintiff's IFP application and the motion to amend (docket entry 27).

Plaintiff's amended complaint (docket entry 28) asserts jurisdiction under Bivens and the Administrative Procedures Act, 5 U.S.C. § 552a, and 28 U.S.C. § 1343. He alleges a violation of his Eighth Amendment rights and "human rights abuses" and asks for monetary and other relief. In particular, Plaintiff states that he has been denied medical care, medication and treatment, and that overcrowding issues at the prison are causing delays in treatment, security issues, and sanitation issues.

In response to the amended complaint, on May 25, 2012, Defendant filed a motion to dismiss, or in the alternative, for summary judgment (docket entry 35). On June 20, 2012, Plaintiff filed opposition to the motion (docket entry 38).

In the motion pending before this Court, Defendant argues that Plaintiff has named the wrong defendant; that regardless, Plaintiff's rights were not violated with regard to his medical

---

[1] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

claims; and, citing a report on conditions at Fort Dix, that any alleged overcrowding does not rise to the level of a constitutional violation. Defendant's motion papers include three declarations by Bureau of Prisons' staff and various exhibits, amounting to over one hundred pages of exhibits and additional materials outside of the pleadings (docket entries 35 and 36).

In opposition to the motion, Plaintiff asks for discovery to proceed, alleging factual disputes (docket entry 38).

## DISCUSSION

**1.   Defendant's Motion Must Be Denied.**

Instead of filing an answer, defendant filed a Motion to Dismiss, or in the alternative, for Summary Judgment (docket entry 35), asking this Court "for an order dismissing the Amended Complaint, or Alternatively, for Summary Judgment in favor of Defendant." (Notice of Motion, docket entry 35-1).

Rule 12 authorizes and requires one pleading in response to a complaint, i.e., an answer. See Fed. R. Civ. P. 12(a)(1)(A) ("A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint; or (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent"); see also Fed. R. Civ. P. 7(a)(2). Rule 12(b), (e) and (f) require certain motions to be made "before" filing an answer. Rule 12(b) provides that "[a] motion asserting any of the[] defenses [specified in Rule

12(b)(1)-(6)] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Rule 12(e) requires a motion for a more definite statement to "be made before filing a responsive pleading," and Rule 12(f)(2) requires defendant to move to strike redundant, immaterial, impertinent, or scandalous matter "before responding to the pleading." Fed. R. Civ. P. 12(e) and (f)(2).

The language of Rule 12(g) inhibits the joinder of motions with a Rule 12 motion. See Fed. R. Civ. P. 12(g)(1) ("A motion under this rule may be joined with any other motion allowed by this rule"). Rule 12(d) permits a district court to convert a motion under Rule 12(b)(6) or 12(c) to a summary judgment motion under limited circumstances and after notice to the non-moving party. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion"). But, as will be explained, Rule 12 does not authorize a motion for summary judgment or a motion to dismiss and for summary judgment, as made in this case, to be filed in lieu of an answer.

Rule 56 authorizes a party to file a summary judgment motion at any time until 30 days after the close of discovery, see Fed. R. Civ. P. 56(b), provided the motion identifies each claim,

or part of each claim, on which summary judgment is sought. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought").

Compliance with the notice requirements and joinder limitations of Rules 12 and 56 is particularly important where the plaintiff is a pro se prisoner. See Renchenski v. Williams, 622 F.3d 315, 340-41 (3d Cir. 2010). In Renchenski, the Third Circuit instructed "State and Federal Governments, as well as our district courts, [to] work together to ensure pro se prisoner-plaintiffs receive adequate notice of an imminent motion for summary judgment." Renchenski, 622 F.3d at 340-41. To this end, Renchenski requires the following notice for pro se prisoners whenever the court converts a Rule 12(b)(6) motion to a Rule 56 motion:

> We agree with the majority of our sister circuits that adequate notice in the pro se prisoner context includes providing a prisoner-plaintiff with a paper copy of the conversion Order, as well as a copy of Rule 56 and a short summary explaining its import that highlights the utility of a Rule 56(f) affidavit.

Renchenski, 622 F.3d at 340 (footnote omitted).

The Renchenski Court cited several decisions of sister circuits with approval, including Lewis v. Faulkner, 689 F.2d 100, 101 (7th Cir. 1982). In Lewis v. Faulkner, the district court dismissed a pro se prisoner's civil rights complaint where, instead of filing an answer, defendants filed "something called

5

'Motion To Dismiss, Or In The Alternative, For Summary Judgment.'" <u>Lewis</u>, 689 F.2d at 101. The Seventh Circuit reversed the district court's order of dismissal on the ground that "a prisoner who is a plaintiff in a civil case and is not represented by counsel is entitled to receive notice of the consequences of failing to respond with affidavits" to a hybrid motion to dismiss or for summary judgment. <u>Id.</u> at 102. As the Seventh Circuit explained:

> The lack of explicit notice would not be troubling if it were obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial. But this aspect of federal civil practice is contrary to lay intuition, which is that the first step in a civil litigation is the filing of a complaint, the second the filing of an answer, and the third the trial of the case. The defendants here filed no answer. Their first pleading was the motion. It would not be realistic to impute to a prison inmate . . . an instinctual awareness that the purpose of a motion for summary judgment is to head off a full-scale trial by conducting a trial in miniature, on affidavits, so that not submitting counter affidavits is the equivalent of not presenting any evidence at trial. We credit the plaintiff with knowing that if his case was tried and he failed to present evidence he would lose . . . . But we do not think he can be charged with the further knowledge that a failure to offer affidavits when his opponent files something called "Motion to Dismiss, Or In The Alternative, For Summary Judgment" is an equivalent default.

<u>Lewis</u>, 689 F.2d at 101.

In this case, without having filed an answer, a hybrid motion like the one filed here, does not comply with the above described requirements of Rules 12 and 56 or satisfy the

6

Renchenski court's directive to provide clear notice to pro se prisoners regarding what they must do to avoid losing a summary judgment motion. Cf. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) (specifying contents of notice and holding that notice must be provided at the time the summary judgment motion is made); Bryant v. Madigan, 91 F.3d 994 (7th Cir. 1996) (finding notice provided confusing and inadequate). It follows from Renchenski and Rule 12 that a defendant should avoid filing a hybrid motion to dismiss and/or for summary judgment of the sort filed here, which creates unnecessary confusion for a pro se litigant.[2] Instead, as required by Rule 12, a defendant must file either an answer or a motion under Rule 12(b), (e), or (f)(2), within the time limits set forth in Rule 12(a)(1)(A).[3]  This

---

[2]  Not only are the standards for a Rule 12(b)(6) and a Rule 56 motion entirely different, but the need to respond to such motions differs. See Curtis v. Bembenek, 48 F.3d 281, 287 (7th Cir. 1995) ("a pro se plaintiff who has alleged well-pled facts supporting a claim for relief can withstand dismissal without responding to a motion to dismiss . . . . Unlike the summary judgment context, the nonmovant's lack of response to a motion to dismiss constitutes no admission of the proponent's factual assertions").

[3]  A defendant is free to also file a Rule 56 motion, provided the Rule 56 motion is separate from a Rule 12 motion, see Fed. R. Civ. P. 12(g)(1); the Rule 56 motion on its face "identif[ies] each claim or defense – or the part of each claim or defense – on which summary judgment is sought," Fed. R. Civ. P. 56(a); defendant provides the pro se prisoner with a copy of Rule 56 and the notice required by Renchenski; and the motion otherwise complies with Rule 56. See Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988) (summary judgment should not be "granted against a pro se litigant who does not know that he is expected to respond to such a motion or else suffer a judgment against him") (cited with approval in Renchenski, 622 F.3d at 340).

Court will deny defendant's Motion to Dismiss, or in the Alternative for Summary Judgment, for failure to comply with Rules 12 and 56, and as inconsistent with <u>Renchenski</u>.

**2.   Screening of Amended Complaint**

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)); <u>see also</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure

8

which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Citing its opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009)(citing <u>Iqbal</u>).

The Supreme Court's ruling in <u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. <u>See</u> <u>Iqbal</u>, 556 U.S. 677-679. <u>See</u> <u>also</u> <u>Twombly</u>, 505 U.S. at 555, & n. 3; <u>Warren Gen. Hosp. v. Amgen Inc.</u>, 643 F.3d 77, 84 (3d Cir. 2011); <u>Bistrian v. Levi</u>, 696 F.3d 352 (3d Cir. 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." <u>Fowler</u>, 578 F.3d at 211 (citing <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234-35 (3d Cir. 2008)).

9

In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, <u>see</u> <u>Carlson v. Green</u>, 446 U.S. 14 (1980), and the Fifth Amendment, <u>see</u> <u>Davis v. Passman</u>, 442 U.S. 228 (1979).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." <u>Schreiber v. Mastrogiovanni</u>, 214 F.3d 148, 152 (3d Cir. 2000) (citing <u>Schweiker v. Chilicky</u>, 487 U.S. 412 (1988)).

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-04 (1976).  In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  <u>See</u> <u>id.</u> at 106.

Assuming Plaintiff's medical condition is serious, the second element of the <u>Estelle</u> test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  <u>See</u> <u>Natale</u>, 318 F.3d at 582 (finding

10

deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference.  See Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment."  Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted).  Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation.  See Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.  The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner

from receiving needed or recommended treatment.  See Rouse, 182 F.3d at 197.

Similarly, with regard to conditions of confinement, to state an Eighth Amendment claim an inmate must allege facts plausibly showing (1) objectively, his conditions were so severe that they deprived him of an identifiable, basic human need, e.g., food, clothing, shelter, sleep, recreation, medical care, and reasonable safety, see Farmer v. Brennan, 511 U.S. 825, 834 (1994); Helling v. McKinney, 509 U.S. 25, 32 (1993); Wilson v. Seiter, 501 U.S. 294, 305 (1991), and (2) defendant was deliberately indifferent to the risk of harm to the plaintiff's health or safety.  See Farmer, 511 U.S. at 837.

In this case, it is clear that Plaintiff's amended complaint is sufficient to pass sua sponte screening.  Plaintiff asserts that he was denied medical treatment for a gastrointestinal disorder, that he was denied prescribed medications, that he was denied medical treatment for two fractures around his eye sockets, and that he was denied treatment to have stitches removed.  Further, with regard to overcrowding, Plaintiff asserts that 8-men rooms have been housing 12, that safety, health, and sanitation are compromised due to the overcrowding.  See Amended Complaint, docket entry 28.  See also, e.g., Opinion and Order, docket entries 26 and 27, granting filing of Amended Complaint, requiring defendant Zickefoose to answer, and granting leave to

Plaintiff to file a motion to further amend the complaint should discovery reveal the identities of further defendants.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and in the Alternative, for Summary Judgment is denied.  Defendant will be ordered to answer the complaint, then may file any appropriate motions as litigation proceeds.

An appropriate Order follows.

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
United States District Judge

Dated: December 21, 2012